UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


CIVIL NO. 1:16-cv-03137


RICKIE FAULKNER, Individually and
On Behalf of All Others Similarly
Situated,

Plaintiff,

V.

ENSIGN UNITED STATES DRILLING
INC.,

Defendant.


JURY TRIAL DEMANDED

---

PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION, CLASS ACTION &
JURY DEMAND

---

1.      Defendant Ensign United States Drilling Inc. ("Defendant") required Plaintiff

Rickie Faulkner ("Plaintiff") to work more than forty hours in a workweek.  Defendant

misclassified Plaintiff and other similarly situated employees throughout the United States as

exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and

North Dakota state law.

2.      Defendant's conduct violates the FLSA, which requires non-exempt employees to

be compensated for all hours in excess of forty in a workweek at one and one-half times their

regular rates of pay. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated

1

employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b).

Members of the collective action are referred to as the "FLSA Class Members."

3.      Plaintiff worked for Defendant in North Dakota.   Just as Defendant's

misclassification of Plaintiff violates the FLSA, so too does that misclassification violate the state

laws of North Dakota.  As such, Plaintiff brings claims under Title 34 of the North Dakota Century

Code, as implemented by the North Dakota Minimum Wage and Work Conditions Order, N.D.

Admin Code 46-02-07, as a Rule 23 Class Action.   Members of the North Dakota class are

hereinafter referred to as the "North Dakota Class Members."

4.      The FLSA Class Members and North Dakota Class Members are collectively

referred to as "Class Members."

5.      Plaintiff and the Class Members seek to recover their unpaid overtime wages,

liquidate damages, expenses, costs of court, and pre and post judgment interest.

## SUBJECT MATTER JURISDICTION AND VENUE

6.       This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§ 216(b) and 28 U.S.C. § 1331.

7.      This Court also has supplemental jurisdiction over the state law claims raised herein

pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state

law and because those claims derive from a common nucleus of operative facts from which the

FLSA claims stated herein derive.   Namely, the failure of Defendant to pay overtime due to a

common pay practice of misclassifying the Rig Managers as exempt from overtime.

8.      Venue is proper in the District of Colorado because a substantial portion of the

events forming the basis of this suit occurred in this District.   Plaintiff's work assignments

originated from Defendant's Denver, Colorado office and Defendant's corporate headquarters are in Denver, Colorado.

## PARTIES AND PERSONAL JURISDICTION

9.      Plaintiff Rickie Faulkner is an individual currently residing in Stark County, North Dakota.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."  Plaintiff performed work for Defendant in within the last three years.

10.      The FLSA Class Members are all current and former employees paid on a day rate basis for at least one week by Defendant at any time during the three-year period before the filing of this Complaint.

11.      The North Dakota Class Members are all current and former employees paid on a day rate basis for at least one week by Defendant at any time during the two-year period before the filing of this Complaint in North Dakota.

12.      Defendant Ensign United States Drilling Inc. is a domestic corporation headquartered in Denver, Colorado.  Defendant may be served process through its registered agent The Corporation Company, 7700 E Arapahoe Rd. Suite 220, Centennial, Colorado 80112.

## COVERAGE

13.      At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

14.      At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

15.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

17.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

**FACTS**

18.     Defendant Ensign United States Drilling Inc. is the American operational arm of Ensign Energy Service, Inc., a Canadian publicly traded company that is one of the world's largest land-based drilling and well servicing contractors.

19.     Defendant operates in every major oil field in the United States, including those in North Dakota, Colorado, Pennsylvania, and Texas.

20.      Plaintiff worked for Defendant as a "Rig Manager" for approximately fifteen years ending in February of 2015.  Plaintiff performed work for Defendant in North Dakota during the last two years.

21.     Plaintiff's primary duty involved manual labor at oil well sites.  He performed physical labor tasks at the well sites and worked outdoors, exposed to the elements. He also acted as a liaison between companies providing services at the well sites and the owner of the well site.

22.     For this work, Plaintiff was paid only on a day rate basis.

23.     That is, on days when Plaintiff worked he received compensation, on days when he did not work he was not paid.

24.     Plaintiff's pay varied from week to week depending on the number of days he worked.

25.     Plaintiff was not paid a guaranteed minimum amount per week regardless of the number of days he worked.

26.     Plaintiff typically worked a two-week on, two-week off schedule.  During his "on weeks," he rarely worked less than 12 hours in a day and commonly exceeded 16 hours.

27.     Defendant employs or has employed hundreds of other workers across the United States on a day rate basis.

28.     Plaintiff is one of hundreds of other workers employed by Defendant in the last three years paid on a day rate basis.

29.     Like Plaintiff, the Class Members were paid on a day rate basis without a guaranteed minimum amount each week.

30.     Like Plaintiff, the Class Members typically worked more than 40 hours in week.

31.     Despite working more than 40 hours in a week, Defendant did not pay the Class Members overtime pay.

32.     No exemption in the FLSA or North Dakota law shelters Defendant from paying overtime to Plaintiff or the Class Members.

33.     First, the Plaintiff and the Class Members were not paid on a salary basis or fee basis. Instead, they were paid a day rate.

34.     Second, the Plaintiff and the Class Members worked outdoors, at oil well sites and perform physical labor tasks.  The Plaintiff and Class Members were not "white collar" workers

or office employees.  The primary duty of the Plaintiff and Class Members was related to providing services for Defendant's core business, not the management of the company's operations.

35.     The primary duty of the Plaintiff and Class Members did not require independent judgment or discretion.

36.     The Plaintiff and Class Members were not computer-systems analysts, computer programmers, software engineers, or other similar employees.

37.     Despite these facts, Defendant classified the Plaintiff and Class Members as exempt from overtime pay.

38.     As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime pay.

39.     Defendant knew, or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law.  In particular, Defendant is a large, sophistical international company that knew about the requirement to pay overtime pay.  The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

40.     The same conduct outlined above also violates North Dakota state law, as codified in the North Dakota Administrative Code § 46-02-07.  Like its federal counterpart, North Dakota state law mandates overtime compensation must be paid at one and one-half times the employee's regular rate and that to be exempt under state law the administrative, executive, or highly compensated exemptions, an employee must be paid on a "salary or fee basis" as those terms are used in the FLSA.  *See* N.D. Admin. Code § 46-02-07-01(1), (6), (7), (13).  Like the FLSA, payment on a day rate basis does not satisfy the "salary or fee basis" requirement under North Dakota state law.

41.     The North Dakota Supreme Court recognizes a private right of action for the recovery of unpaid wages under Title 34 of the North Dakota Century Code.  *Werlinger v. Champion Healthcare Corp.*, 598 N.W.2d 820 (N.D. 1999).

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

42.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

43.     Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

44.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

46.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

47.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.  Plaintiff personally worked with other employees under the same compensation structure in different states.

48.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek because they too were paid on a day rate basis without overtime.

49.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

50.     Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

51.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

52.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

53.     As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

54.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

55.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

56.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

57.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

58.     Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a

systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

59.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former employees paid on a day rate basis for at least one week by Defendant at any time during the three-year period before the filing of this Complaint to the present.

## COUNT TWO:  VIOLATION OF TITLE 34 OF THE NORTH DAKOTA CENTURY CODE (CLASS ACTION)

60.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

61.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Title 34 of the North Dakota Century Code.  At all relevant times, Defendant has employed and continues to employ, "employees," including the North Dakota Class Members and Plaintiff, within the meaning of Title 34 of the North Dakota Century Code.

62.     Defendant's practice of failing to pay overtime at one and one half times Plaintiff's regular rate for every overtime hour violates Title 34 of the North Dakota Century Code and its implementing regulations.  *See* N.D. Cent. Code § 34-01-13; N.D. Admin. Code § 46-02-07.

63.     As a result, Plaintiff and the North Dakota Class Members have been damaged in an amount to be determined at trial.  Plaintiff, on behalf of himself and on behalf of the North Dakota Class Members, hereby demand payment as contemplated by Title 34 of the North Dakota Century Code in an amount sufficient to compensate Plaintiff and the North Dakota Class Members for all unpaid overtime wages.

64.     Plaintiffs and North Dakota Class Members are entitled to recover interest and treble damages under Title 34 of the North Dakota Century Code.  N.D. Cent. Code § 34-14-09.1.

## RULE 23 CLASS ACTION ALLEGATIONS

65.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

66.     Plaintiff brings his overtime claims arising under North Dakota state law as a Rule 23 class action on behalf of the following class:

> All current and former employees paid on a day rate basis for at least one week by Defendant at any time during the two-year period before the filing of this Complaint in North Dakota.

67.     Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

68.     The members of the classes are so numerous that their individual joinder is impractical.

69.     The identity of the members of the classes is readily discernible from Defendant's records.

70.     Plaintiff and the proposed classes on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

71.     Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

> a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;

b. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by North Dakota law;

c. Whether Defendants failed to classify Plaintiff and Class Members as non-exempt employees under North Dakota law.

72.    These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

73.    Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with North Dakota law and because Defendant classified Plaintiff as an exempt employee just as it did with the North Dakota Class Members.

74.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

75.    The class action under North Dakota state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the North Dakota Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the classes could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation

11

increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

76.     Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

77.     For these reasons, Plaintiff prays for:

   a.  An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for all FLSA Class Members to permit them join this action by filing a written notice of consent;

   b.  An order certifying this case as a class action under Rule 23 for the North Dakota state law claims;

   c.  A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and North Dakota Class Members all of their unpaid overtime compensation, liquidated damages, and treble damages;

   d.  An order awarding attorneys' fees, costs, and expenses;

   e.  Pre- and post-judgment interest at the highest applicable rates; and

   f.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ Don J. Foty
     Don J. Foty
     dfoty@kennedyhodges.com
     Texas State Bar No. 24050022
     Admitted before U.S. District Court of
     Colorado
     4409 Montrose Blvd., Suite 200
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS