UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-cv-03137-PAB

RICKIE FAULKNER, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff(s),

v.

ENSIGN UNITED STATES DRILLING INC.,

    Defendant.

---

## PLAINTIFFS' RENEWED APPLICATION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

---

Following over two years of hotly contested litigation between the parties regarding the alleged misclassification of Plaintiffs as exempt from overtime pay under the Fair Labor Standards Act ("FLSA"), Plaintiffs have reached a settlement that provides Plaintiffs with a significant recovery of damages, which this Court approved in part. *See* Doc. 81 (Order Granting in Part and Denying in Part Joint Motion to Approve Settlement). In compliance with the Court's Order, on April 18, 2019, Plaintiffs filed a proposed notice to send to putative class members. *See* Doc. 82 (Unopposed Motion to Approve Proposed Notice).

Having achieved a significant recovery for their clients, Plaintiffs' Counsel renews their request for one-third of the Settlement Fund as attorney's fees, plus $5,712 for their costs and expenses incurred to date. This request falls within the range of fee awards in other common fund cases in this District and is warranted given Plaintiffs' Counsel's work in this and other cases, the

risks overcome, and the outstanding result achieved. *See* **Exhibit A** (Declaration of David W. Hodges in Support of Fee Award).

I.     **Procedural Background**

Plaintiffs incorporate by reference the parties' Stipulated Motion to Approve Settlement herein. *See* Doc. 79 (Stipulated Motion to Approve Settlement). On December 20, 2016, Plaintiff Faulkner commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted. *See* Doc. 1 (Plaintiff's Original Complaint). Plaintiff Faulkner alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") by failing to pay him and other similarly situated individuals overtime compensation.

On January 27, 2017, opt-in Plaintiff Brent Heim filed his consent to join the case. *See* Doc. 13 (Notice of Filing Consent). Defendant filed its answer to the complaint on February 2, 2017. *See* Doc. 14 (Defendant's Answer). On May 19, 2017, Plaintiffs filed a Motion for Conditional Certification. *See* Doc. 33. Defendant filed its response on June 8, 2017. *See* Doc. 35. Prior to the Court ruling on Plaintiffs' Motion for Conditional Certification, on January 15, 2018, the parties filed their Joint Stipulation to Conditional Certification and Notice to proposed class. *See* Doc. 46 (Stipulation for Conditional Certification). This Court signed an Order approving notice on February 9, 2018. *See* Doc. 52 (Order). Notice was mailed to the potential class members on March 14, 2018, and two Plaintiffs opted into the case, bringing the final total to four Plaintiffs, including Lead Plaintiff Faulkner. *See* Docs. 74, 76.

Prior to the Court's Order approving class notice, on January 31, 2018, Defendant filed a Motion for Summary Judgment in which Defendant argued that Plaintiffs were exempted from overtime under the FLSA. *See* Doc. 47 (Motion for Summary Judgment). On February 21, 2018, Plaintiffs Rickie Faulkner and Brent Heim separately filed responses to Defendant's Motion for

Summary Judgment. *See* Doc. 53 (Plaintiff Rickie Faulkner's Response to Motion for Summary Judgment); Doc. 54 (Plaintiff Brent Heim's Response to Motion for Summary Judgment). Plaintiffs argued that there was a genuine issue of material fact regarding whether Plaintiffs were exempt under the FLSA's administrative exemption and executive exemption. *See id*.

The parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs are entitled to their claimed overtime compensation under the FLSA, the number of hours worked by Plaintiffs, the applicability of certain exemptions to overtime pay under the FLSA, and whether Defendant's alleged violations of the FLSA were willful. In an effort to reach a compromise and to avoid the expense and burden of litigation, the parties engaged in extensive settlement efforts which culminated in a resolution and settlement of all claims asserted in the pending action. The terms of the settlement were filed in the parties' Stipulated Motion for Order to Approve Settlement. *See* Doc. 79 (Stipulated Motion to Approve Settlement). On March 12, 2019, the Court granted the Stipulated Motion to Approve Settlement in part and denied the Stipulated Motion in part. *See* Doc. 81 (Order Granting in Part and Denying in Part Joint Motion to Approve Settlement).

## II. The Request for Attorney's Fees is Fair and Reasonable

Plaintiffs are entitled to recover their attorney's fees and costs for their claims for overtime pay. *See, e.g.*, 29 U.S.C. § 216(b). A percentage of the common fund is typically awarded to Plaintiffs' Counsel. *See Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994). The Settlement concerning attorney's fees and costs is fair and reasonable in this case, as Plaintiffs' Counsel are only seeking attorney's fees of one-third (33.33%) of the Gross Settlement Amount and reimbursement for expenses/costs. Defendant does not oppose these requests.

In class and collective actions, "the district court has broad authority over awards of

attorneys' fees." *Law v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001) (citation omitted). "In common fund cases, it is the standard to use a percentage method when calculating attorneys' fees." *Lunt v. Cyclone Drilling, Inc.*, No. 15-cv-02262-CMA-KMT, Dkt. 28, p.5 (D. Colo. Aug. 26, 2016) (citing *Lynn's Food Stores*, 679, F.2d at 1354); *Barr v. Qwest Comm'ns Co.*, LLC, Case No. 01–cv–00748–WYD–KLM, 2013 WL 141565, *3 –4 (D. Colo. Jan. 11, 2013); *Cimarron Pipeline Constr., Inc. v. Nat'l Council on Compensation Ins.*, Nos. CIV 89–822–T, CIV 89–1186–T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) ("[f]ees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis… fees of 33 1/3% . . . are in line with comparable other cases, [and] consistent with prevailing case law of this circuit"); *see also Sanders v. MPRI, Inc., et al.*, No. 5:08-cv-00345-R, Dkt. 180 (W.D. Okla. Oct. 19, 2009) (approving fees in an FLSA collective action of 38.5% of the total settlement plus litigation costs) (**Exhibit B**); *Miksell v. The Ventura Group, Inc.*, No. 5:08-CV-1332-W, Dkt. 31 (W.D. Okla. July 9, 2009) (approving fees in an FLSA collective action of 40% of total settlement, plus litigation costs) (**Exhibit C**). As such, the fees to be awarded Plaintiffs' counsel are below awards in similar cases.

Whichever method is used, the court considers the relevant twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.* in determining the reasonableness of the fee award, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client;

and (12) awards in similar cases. 488 F.2d 714, 717–19 (5th Cir. 1974). *See Lane v. Page*, 862 F.Supp.2d 1182, 1251 (D.N.M. 2012) ("The Tenth Circuit has adopted a test that the Fifth Circuit adopted in *Johnson v. Georgia Highway Express, Inc.*"); *see also Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir. 1988). Please see the attached Declaration by Plaintiffs' Lead Counsel David W. Hodges addressing the *Johnson* Factors at length. (*see* Exhibit A).

### III.     Plaintiffs' Counsel's Costs and Expenses are Recoverable

Expenses that are normally charged to a client who pays an attorney by the hour are recoverable in class actions. *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1216 (9th Cir. 1986); *see also* 29 U.S.C.A. § 216(b) (stating that "the court in such **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, **and costs of the action**") (emphasis added). The $5,711.60 in expenses and costs Plaintiffs' Counsel incurred during the course of litigation are the type usually charged to a client who pays by the hour, including travel expenses, service of process costs, and deposition expenses. (Declaration of David W. Hodges, ¶¶ 13, 14).

Plaintiffs' counsel's case expenses should not be included in the percentage-of-the-fund analysis. The case cited by the Court in its Order does not stand for the proposition that courts tend to group the attorneys' fees with the case expenses when applying the percentage-of-the-fund method. Rather, the *Davis* Plaintiffs requested approval of 37% in attorneys' fees *in addition to* the request for case expenses.[1] *See* **Exhibit D**, *Davis v. Crilly* Joint Motion to Approve Settlement at Page 37 (Doc. 128). Notably, the cases cited by the *Davis* court also separated the request for

---

[1] Kennedy Hodges, LLP, the law firm representing Plaintiffs in the present case, was lead counsel for Plaintiffs in the *Davis v. Crilly* matter.

outstanding costs from the percentage-of-the-fund requested for attorneys' fees. *See Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824, at *1 (separating the request for 30% of the gross settlement from the request for $309,252.41 in case expenses in its order approving the request for attorneys' fees and costs); *Cimarron Pipeline Const., Inc. v. Nat'l Council on Compensation Ins.*, No. Civ 89-822-T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) (approving an award of one-third of the common fund in addition to $513,187.31 in case expenses).

### IV. Negotiation of Attorney's Fees

To directly address the Court's inquiry, the settlement was reached by the parties agreeing to a gross settlement amount. After a gross settlement was reached, Plaintiffs allocated an amount of that gross settlement for attorney's fees. The fact that the parties did not even discuss fees until all other issues were virtually finalized is indicative of a fair and arm's-length process. *See Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006), citing *Manual for Complex Litig.*, Fourth § 21.7 at 336 (2004) (where court presumed settlement was fair when attorney's fees were not discussed until a "substantial agreement on all parts" of the damages settlement discussion had ended). Plaintiffs' Counsel never put their interests ahead of their clients in negotiating attorneys' fees in this case, as attorneys' fees were not negotiated between the parties. Rather, by agreeing to work on a contingent fee basis, Plaintiffs' Counsel's interests have always been directly aligned with the interests of their clients to maximize their recovery. (Declaration of David Hodges, ¶ 6). Moreover, named Plaintiff Faulkner contracted with Plaintiffs' Counsel for a fee of 40% of any recovery, after recovery of expenses, which Plaintiffs' Counsel would have demanded had the case settled on an individual recovery basis. (Hodges Decl., ¶ 8). Further, every opt-in Plaintiff designated Plaintiff Faulkner to negotiate the resolution of their claims in this case and

acknowledged that they understood they would be bound by Plaintiff Faulkner's decision. (Hodges Decl., ¶ 8).

## V. The Proposed Service Award is Reasonable

Plaintiff Rickie Faulkner requests the Court approve a service award of $2,500. Lead Plaintiff Faulkner's request for a $2,500 incentive award is modest compared to other incentive awards by this Court. *See Thompson v. Qwest Corp.*, No. 17-CV-1745-WJM-KMT, 2018 WL 2183988, at *3 (D. Colo. May 11, 2018) ("A $5,000 incentive award is comparatively on the lower end of awards deemed reasonable.") (collecting cases).

The Court's Order granting in part and denying in part the parties' joint motion to approve settlement listed the following three factors to consider in determining an incentive award: (1) the actions that the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation. *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Aug. 22, 2015). Each factor is addressed herein.

### A. Lead Plaintiff Rickie Faulkner protected the interests of the class.

Lead Plaintiff Rickie Faulkner has been committed to preserving the interests of the class since this case was filed over two years ago. He has provided multiple declarations in support of a motion for conditional certification and a response to a motion for summary judgment. He traveled from out of town and appeared for deposition. He provided Plaintiffs' counsel crucial information at the early stages of the litigation. This information was necessary for the drafting of the original complaint and the drafting of a motion for conditional certification. Although the parties ultimately stipulated to class notice being disseminated, the information provided by Lead Plaintiff Faulkner was essential to the drafting of a persuasive motion for conditional certification, which gave

Plaintiffs the leverage necessary to negotiate the agreed stipulation ultimately signed by the Court. Finally, the fact that Lead Plaintiff Faulkner "attached his name to this federal lawsuit, making the public and his future employers aware that he filed suit against his former employer" is a factor that weighs in favor of approving the proposed service award. *See Thompson*, 2018 WL 2183988, at *3 (finding that a $5,000 incentive award is justified under similar reasoning).

      **B.    The class substantially benefited from Lead Plaintiff Faulkner's actions.**

The information provided by Lead Plaintiff Faulkner assisted Plaintiffs' counsel with preparing Plaintiffs' Motion for Conditional Certification and responding to Defendant's Motion for Summary Judgment. Ultimately, this motion facilitated the negotiation of a stipulation to class notice being sent to putative class members. In other words, Lead Plaintiff Faulkner's actions were necessary for the Court's Order conditionally certifying the case and facilitating the participation of Opt-In Plaintiffs. Absent Lead Plaintiff Faulkner's assistance in the investigation of Plaintiffs' Counsel, Opt-In Plaintiffs would likely have been incapable of participating in the present case. This assistance provided by Lead Plaintiff Faulkner substantially benefited the Opt-In Plaintiffs. Approving Lead Plaintiff Faulkner's incentive award on this basis falls in line with this Court's stated purpose of incentive awards. *See Tennille v. W. Union Co.*, No. 09-CV-938-MSK-KMT, 2013 WL 6920449, at *14 (D. Colo. Dec. 31, 2013) ("The purpose of incentive awards for class representatives is to encourage people with significant claims to pursue actions on behalf of others similarly situated.") (approving incentive award of $7,500 to each of four class representatives in a class action).

      **C.    Lead Plaintiff Faulkner spent substantial time in pursuing the present litigation.**

Lead Plaintiff Rickie Faulkner spent greater than fifteen hours pursuing the present litigation, including traveling from Dickinson, North Dakota to Denver, Colorado for his

deposition, sitting for deposition, meeting with Plaintiffs' counsel prior to the deposition, assisting Plaintiffs' counsel in initial investigations of his case, and assisting Plaintiffs' counsel with the preparation of the Motion for Conditional Certification and response to Defendant's Motion for Summary Judgment. (Hodges Decl., ¶ 15). The amount of time spent by Mr. Faulkner was substantial and was significantly greater than the amount of time spent by the opt-in Plaintiffs. By the time the opt-in Plaintiffs had joined the case, Mr. Faulkner had already assisted Plaintiffs' Counsel in its investigation of the present case, assisted with written discovery requests and responses, and provided information necessary to draft a Motion for Conditional Certification and to respond to a Motion for Summary Judgment.

## Conclusion

Plaintiffs' Counsel therefore resubmits their request for attorney's fees equal to one-third (33.33%) of the common fund, or $16,666.65, plus the reimbursement of costs and expenses incurred during litigation in the amount of $5,712. Plaintiffs' Counsel's request is supported by the applicable legal standards as well as the settlement amount achieved by Plaintiffs' Counsel.

Date: June 24, 2019

                                        Respectfully submitted,

                                        By: */s/ David Hodges*
                                        David Hodges
                                        Dhodges@kennedyhodges.com
                                        Texas State Bar No. 00796765
                                        Federal ID No. 20460
                                        Admitted before U.S. District Court of Colorado
                                        4409 Montrose Blvd., Ste. 200
                                        Houston, TX 77006
                                        Telephone: (713) 523-0001
                                        Facsimile: (713) 523-1116

                                        LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS AND CLASS MEMBERS

**CERTIFICATE OF CONFERENCE**

Defendant has indicated that they do not oppose an award of attorneys' fees from the settlement amount at a time and in an amount that the Court determines is appropriate.

*/s/ David W. Hodges*
David W. Hodges

**CERTIFICATE OF SERVICE**

This is to certify that on June 24, 2019 a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

*/s/ David W. Hodges*
David W. Hodges